This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                **NO. 29,503**

**PATRICK ROMERO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Albert S. "Pat" Murdoch, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals his convictions for DWI and failing to maintain a lane. We issued a calendar notice proposing to affirm the convictions and the district court's decision. In response, Defendant has filed a memorandum in opposition. After careful consideration of Defendant's arguments, we affirm the decision of the district court.

In our calendar notice, we proposed to apply the case of *State v. Garza*, 2009-NMSC-038, 146 N.M. 499, 212 P.3d 387, in which our Supreme Court altered our speedy trial guidelines. The Court held that *Garza* applies in cases where a motion to dismiss based on speedy trial was initiated by the defendant on or after August 13, 2007. *Id.* ¶ 50. In this case, a motion to dismiss based on speedy trial was filed on August 21, 2007. Therefore, we proposed to hold that the new guidelines in *Garza* are applicable to this case.

In response to our calendar notice, Defendant claims that a motion for dismissal based on speedy trial grounds was initiated by him before August 13, 2007 by the following actions: (1) when responding to motions for continuance, Defendant argued that further delay beyond July 17 for holding trial "would violate" his speedy trial rights; and (2) after mistrial was declared, Defendant argued that the case should be dismissed based on double jeopardy grounds and also raised the issue of his right

to a speedy trial having been affected based upon the prosecutor's statements, which ultimately led to the mistrial in the first place. Although Defendant alerted the district court that a trial date beyond July 17 would violate his speedy trial rights and argued that prosecutorial misconduct led to the mistrial, Defendant did not initiate a motion to dismiss the charges based on a speedy trial violation until after August 13, 2007.

On the date of the mistrial, when the district judge and the parties were discussing a new trial date, defense counsel made a motion to dismiss the charges due to a violation of double jeopardy rights. Defense counsel also expressed concern, based on prosecutorial misconduct, regarding Defendant's right to have a speedy trial. [CD1, 5/24/07, 12:37:07-12:37:40] The memorandum in opposition includes quoted language from the discussion in the district court but does not include the full text of the oral motion. After mistrial was declared, defense counsel stated:

> Your honor I just want to make a record. I'm going to move that this case be dismissed. I believe that trying Defendant again would violate the double jeopardy protections under the United States and New Mexico Constitution. I believe that jeopardy has attached. And I also raise the issue of the Defendant's right to a speedy trial having been affected based upon the prosecutor's statements, which ultimately led to a mistrial in the first place. I do understand that the rule starts anew and July 17th is going to fit with everyone's schedule. So I want to make that record.

[CD1, 5/24/07, 12:37:05-12:37:53] The State responded to defense counsel's double jeopardy argument and the district judge agreed with the State's argument, stating:

3

> I agree. I don't believe that double jeopardy attaches in this situation. I believe a mistrial is the appropriate cure for what happened in openings, and this case will be reset.

[CD1, 5/24/07, 12:38:24-12:38:39]

The oral motion made by defense counsel was based on a claim regarding Defendant's double jeopardy rights and an argument that the prosecutor had engaged in misconduct that led to mistrial. Defense counsel did not ask the district court to dismiss the case based on a violation of speedy trial. It is apparent from the entire discussion following the declaration of a mistrial that no motion to dismiss on speedy trial grounds was initiated by defense counsel, and the district court was not alerted to a claim that dismissal was appropriate based on speedy trial grounds.

*Garza* is applicable if a motion to dismiss based on speedy trial is initiated on or after August 13, 2007. 2009-NMSC-038, ¶ 50. Defendant did not initiate a motion to dismiss based on speedy trial grounds until August 21, 2007. Under the guidelines in *Garza*, a one-year delay in a simple case is presumptively prejudicial. *Id.* ¶ 47. The delay in this case was less than one year and, therefore, was not presumptively prejudicial. *See State v. Stock*, 2006-NMCA-140, ¶ 12, 140 N.M. 676, 147 P.3d 885 ("When a speedy trial claim is made, the defendant must make a threshold showing that the length of delay is presumptively prejudicial." (internal quotation marks and

citation omitted)). Because the delay was not presumptively prejudicial, we need not engage in a speedy trial analysis.

Defendant continues to claim that the BAT machine should have been re-calibrated after the BAT mobile was moved from one side of the building to another. Defendant claims that the regulations require notification to SLD when "substantial changes" are made or there is "any movement of the instrument" from its original approved location. Defendant argues that SLD should have been notified when the BAT mobile was moved. Defendant provides no support for his claim that the machine was moved from its original approved location when the BAT mobile was moved. In fact, the district court held that it can be inferred that, by installing a machine in a mobile BAT station, the SLD knew the BAT mobile would be moved. [RP 231-32] Defendant has not shown that the SLD regulations were not complied with in this case. In addition, as discussed in the calendar notice, re-calibration of the machine after it has been moved is within the discretion of the SLD and is not mandatory.

Defendant continues to claim that the district court erred in refusing to allow access to the officer's personal internal affairs file or to allow questioning of the officer about the file. Defendant claims that he showed there was a strong financial

incentive to conduct traffic stops and a powerful motive to support the stops with "embellishments or lies." [MIO 36-37] We review the admission of evidence for abuse of discretion. *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

In our calendar notice, we pointed to the district court's opinion, which stated that Defendant "lacked a 'smoking gun'" and could point to no situation where the officer "was proven wrong or lacked credibility." [RP 230] Although the metropolitan court found that the file was irrelevant, Defendant was given "leeway" in cross-examining the officer. We hold that denying Defendant access to the officer's file did not amount to an abuse of discretion. *See State v. Roybal*, 115 N.M. 27, 30, 846 P.2d 333, 336 (Ct. App. 1992) (determining that where the defendant made no showing that an internal affairs file contained information material to the preparation of his defense, there was no basis for appellate review of the question of admission of the files).

Defendant claims that his double jeopardy rights were violated when he was tried a second time after a mistrial was declared in the first trial. Defendant continues to claim that the mistrial was the result of prosecutorial misconduct. As discussed in our calendar notice, the metropolitan court chose to wait until the State presented its

foundation for admission of the BAT card before ruling on Defendant's motion to suppress the BAT card. Mistrial was declared after the State, during opening argument, stated that the jury would see that Defendant "was well above the legal limit." After declaring a mistrial, the metropolitan court found that the statement did not rise to the level of prosecutorial misconduct under *State v. Breit*, 1996-NMSC-067, 122 N.M. 655, 930 P.2d 792, and retrial would not be barred. Under *Breit*, retrial is barred: (1) when the prosecutor's "conduct is so unfairly prejudicial to the defendant that it cannot be cured by means short of a mistrial or a motion for a new trial," (2) when the prosecutor "knows that the conduct is improper and prejudicial," and (3) when the prosecutor "either intends to provoke a mistrial or acts in willful disregard of the resulting mistrial." *Breit*, 1996-NMSC-067, ¶ 32. We apply the *Breit* test for determining when retrial is barred after mistrial based on prosecutorial misconduct. As discussed in our calendar notice, the prosecutor's comment was not due to a personal vendetta against Defendant, the reaction of the prosecutor and his actions from the beginning of the case did not indicate an attempt to engage in misconduct in order to bring about a mistrial, the isolated comment was not sufficient to rise to the level of misconduct that would bar retrial, and the prosecutor's statement did not rise to the level of the "unrelenting and pervasive" misconduct that occurred

7

in *Breit*. *See id.* ¶¶ 41-45. Contrary to Defendant's argument, we did not state that a single statement would not meet the *Breit* test. Instead, as found by the metropolitan court, we noted that the single statement in this case did not meet the *Breit* test.

We disagree with Defendant's claim that the prosecutor's conduct was "an effort to inject unfair prejudice into the trial." [MIO 45] We also disagree that the prosecutor made the statement in order to cause a mistrial to prevent any chance that Defendant would be acquitted in the first trial. There is simply no support for a claim that the prosecutor engaged in the type and amount of misconduct necessary under *Breit*.

For the reasons discussed herein and in our calendar notice, we affirm the district court's decision.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**

8

_____

**MICHAEL E. VIGIL, Judge**